IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NAJI-ULLAH HENTON | ) | |
| _Plaintiff_ | ) | |
| | ) | |
| -Vs- | ) | |
| | ) | |
| THE CITY OF NEW YORK , | ) | |
| | ) | |
| OFFICER GRANSTON  GABRIELLE , | ) | |
| | ) | |
| OFFICER SAINT JEAN  JOHANNE | ) | |
| | ) | |
| LIEUTENANT BODEN  ANDREA, | ) | |
| | ) | |
| UNIDENTIFIED OFFICERS OF THE NYPD, | ) | |
| | ) | |
| THE NEW YORK CITY POLICE DEPARTMENT | ) | **COMPLAINT AND** |
| _Defendants._ | ) | **TRAIL BY JURY DEMANDED** |
| | ) | |

U.S. DISTRICT COURT FILED MAR 12 2024 S.D. OF N.Y.

## JURISDICTION AND VENUE

1. This suit is brought pursuant to 42 U.S.C. § 1983 and 1988, the Fourth and Fourteenth Amendments of the U.S Constitution, and the laws of the State of New York.

2. Plaintiff invokes the jurisdiction of this court for his federal causes pursuant to 28 U.S.C § 1331, 1343 (a) 3 and 4, and 1367 (a) for his pendant state causes.

3. Venue is appropriate pursuant to 28 U.S.C § 1391 because the events that gave rise to this suit occurred within the judicial boundaries of this court.

## PARTIES

4. Plaintiff/Petitioner NAJI-ULLAH HENTON (here-inafter "Plaintiff") has lived in New York, New York since birth.

5. Defendant Officer GABRIELLE K GRANSTON shield number 2703 (here-in after "GRANSTON") at all times relevant to the facts herein was a police officer employed by the City of New York.

6. Defendant Officer JOHANNE SAINT JEAN shield number 7965 (here-inafter "SAINT-JEAN") at all times relevant to the facts herein was a police officer employed by the City of New York.

7. Defendant LIEUTENANT ANDREA BODON (here-inafter "LIEUTENANT") at all times relevant to the facts herein was a police officer employed by the City of New York.

8. GRANSTON is sued in her private capacity.

9. SAINT-JEAN is sued in her private capacity.

10. LIEUTENANT is sued in her private capacity.

## ULTIMATE FACTS

11. All events described herein occurred in the month of December 12th, 2022.

12. Plaintiff entered New York City Transit District 23 Headquarters approximately at 9pm to retrieve his personal property. Plaintiff was greeted by SAINT-JEAN who was behind the front desk and started processing Plaintiff's property release.

13. Immediately after SAINT-JEAN placed the bag full of Plaintiff's belongings on the front desk, Plaintiff start checking the bag and noticed 2 phone chargers folded improperly.

14. Plaintiff told SAINT-JEAN "the charger should not have been bent like that and whoever packed the items in the plastic bag like that did it wrong".

15. SAINT-JEAN responded with an apology.

16. Plaintiff put on his belt which he recovered from the bag of belongings. Plaintiff then started relocating the bag of belongings from the front desk to the visitor's chairs and noticed Plaintiff's safety knife was not included in the bag of belongings.

17. Plaintiff started putting on his shoe laces and asked why his safety knife was not included with his personal belongings. LIEUTENANT said it was taken for evidence.

18. While Plaintiff was inserting the string which was recovered from the bag of belongings, SAINT-JEAN demanded that Plaintiff needed to leave. Plaintiff responded "i will once my business here is done".

19. SAINT-JEAN walked around from the front desk, attached a body worn camera and pressed the button to record.

20. Plaintiff asked SAINT-JEAN to identify herself for the record. SAINT-JEAN did not fully identify herself so Plaintiff asked SAINT-JEAN is she familiar with 203-09 of her patrol guide.

21. GRANSTON entered the lobby from the back quarters, walked pass SAINT-JEAN and directly into Plaintiff's personal space.

22. GRANSTON picked up Plaintiff personal property off the visitor's chair and demanded Plaintiff to leave. Plaintiff asked GRANSTON to put Plaintiff's property down.

23. GRANSTON then grabbed Plaintiff's left forearm and started using force to pull it.

24. In fear Plaintiff raised both of his hands in the air quickly as a method of de-escalation.

25. A few UNIDENTIFIED OFFICERS rushed towards Plaintiff surrounding him while reaching out towards Plaintiff. GRANSTON grabbed Plaintiff arm again and forced him against the glass wall behind him while the UNIDENTIFIED OFFICERS including SAINT-JEAN are grabbing and twisting any part of Plaintiff that is accessible.

26.  The group of UNIDENTIFIED OFFICERS including GRANSTON and SAINT-JEAN are becoming more aggressive and violate while twisting Plaintiff body parts.

27.  GRANSTON then shouted "You are under arrest". Plaintiff now clear that GRANSTON placed him under arrest and that he is not free to travel freely. Although Plaintiff disagree with GRANSTON's actions, Plaintiff did not resist in fear of possible retaliatory criminal charges, retaliatory excessive force, and death.

28.  Plaintiff was forced to the front desk and searched about his persons. His personal property was taken from him, and he was stripped from his clothing.

29.  Plaintiff was forced into an unsensitized holding cell and was denied any phone call nor food.

30.  Plaintiff requested for immediate medical from a physician to treat his previous and new injuries.

31.  Plaintiff was released around 11am of December 13th, 2022

## CAUSES OF ACTIONS

32. Paragraphs 1 through 31 are incorporated herein by reference and predicated on reasonable inferences from same.

## FIRST CAUSE OF ACTION
## (FOURTH AMENDMENT VIOLATION)

33.  Plaintiff avers his Fourth Amendment right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments of the U.S Constitution was violated whereby Plaintiff was unlawfully detained. As a direct and proximate result of GRANSTON's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## SECOND CAUSE OF ACTION
## (FOURTH AMENDMENT VIOLATION)

34.  Plaintiff avers his Fourth Amendment right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments of the U.S Constitution was violated whereby Plaintiff was unlawfully detained. As a direct and proximate result of  UNIDENTIFIED OFFICERS OF THE NYPD' acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## THIRD CAUSE OF ACTION
## (ARTICLE I § 12 VIOLATION)

35.  Plaintiff avers his rights to be free from unreasonable seizure or searches as guarenteed by the Constitution of the State of New York Article I § 12 was violated whereby Plaintiff was unlawfully detained. As a direct and proximate result of GRANSTON's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## FOURTH CAUSE OF ACTION
## (ARTICLE I § 12 VIOLATION)

36.  Plaintiff avers his rights to be free from unreasonable seizure or searches as guaranteed by the Constitution of the State of New York Article I § 12 was violated whereby Plaintiff was unlawfully

detained. As a direct and proximate result of UNIDENTIFIED OFFICERS OF THE NYPD' acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## FIFTH CAUSE OF ACTION
### (FALSE IMPRISONMENT)

37. Plaintiff avers that as a result of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments of the U.S Constitution and his right to be free from unreasonable seizure or searches as guaranteed by the Constitution of the State of New York Article I § 12 being violated, GRANSTON thereby subjected him to false imprisonment whereby unlawful detention. As a direct and proximate result of GRANSTON's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## SIXTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)

38. Plaintiff avers that GRANSTON touched Plaintiff and intended to touch Plaintiff to effectuate his unlawful detention, and, therefore, as a matter of law, committed an assault and battery upon Plaintiff's person. As a direct and proximate result of GRANSTON's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## SEVENTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)

39. Plaintiff avers that SAINT-JEAN touched Plaintiff and intended to touch Plaintiff to effectuate his unlawful detention, and, therefore, as a matter of law, committed an assault and battery upon Plaintiff's person. As a direct and proximate result of SAINT-JEAN's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## EIGHTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)

40. Plaintiff avers that the UNIDENTIFIED OFFICERS OF THE NYPD touched Plaintiff and intended to touch Plaintiff to effectuate his unlawful detention, and, therefore, as a matter of law, committed an assault and battery upon Plaintiff's person. As a direct and proximate result of the UNIDENTIFIED OFFICERS OF THE NYPD's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## NINTH CAUSE OF ACTION
### (NEGLIGENT INVOLVEMENT IN UNLAWFUL ARREST)

41. Plaintiff avers that Defendants each possessed actual knowledge that there was no constitutional basis for them to arrest Plaintiff when they arrested Plaintiff, and, therefore, as a matter of law, committed the tort of "negligent involvement in unlawful arrest" upon Plaintiff's person. As a direct and proximate result of GRANSTON, SAINT-JEAN, LIEUTENANT, UNIDENTIFIED OFFICERS

OF THE NYPD, and UNIDENTIFIED LIEUTENANT's acts and omissions against Plaintiff, Plaintiff has suffered damages to his person.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment against GRANSTON, SAINT-JEAN, LIEUTENANT, and  UNIDENTIFIED OFFICERS OF THE NYPD as follows: (1) $125,000 in compensatory damages against GRANSTON for Plaintiff's First Cause, (2) $125,000 in compensatory damages against UNIDENTIFIED OFFICERS OF THE NYPD for Plaintiff's Second Cause, (3) $125,000 in compensatory damages against GRANSTON for Plaintiff's Third Cause, (4) $125,000 in compensatory damages against UNIDENTIFIED OFFICERS OF THE NYPD for Plaintiff's Fourth Cause, (5) $750,000 in compensatory damages against GRANSTON for Plaintiff's Fifth Cause, (6) $250,000 in compensatory damages against GRANSTON for Plaintiff's Sixth Cause, (7) $250,000 in compensatory damages against SAINT-JEAN for Plaintiff's Seventh Cause, (8) $250,000 in compensatory damages against UNIDENTIFIED OFFICERS OF THE NYPD for Plaintiff's Eighth Cause,(9) $500,000 in compensatory damages against GRANSTON, SAINT-JEAN, LIEUTENANT and  UNIDENTIFIED OFFICERS OF THE NYPD for Plaintiff's Ninth Cause, (10) $25,000 in punitive damages against GRANSTON to deter and make an example of GRANSTON, (11) All cost and disbursements of this action, and attorney's fees pursuant to 42 U.S.C. § 1988; and (12) any other relief this court deems just and proper.

/S/ _____

*Plaintiff, Pro Se*



**New York City Comptroller**
Brad Lander

*2023 PI008806* (handwritten)
*PI008306* (handwritten)



Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:   NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

A claim must be filed in person or by registered or certified mail within 90 days of the occurrence at the NYC Comptroller's Office, located at 1 Centre Street, Room 1225, New York, NY 10007. The claim form must be notarized. If the claim is not resolved within one (1) year and 90 days of the occurrence, you must start a separate legal action in a court of law before the expiration of this time period to preserve your rights.
TYPE OR PRINT

**I am filing:**   ⦿ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | HENTON |
| First Name: | NAJI-ULLAH |
| Relationship to the claimant: | Beneficiary, Power of Attorney |

○ Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | ▾ |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

## Claimant Information

| | |
|---|---|
| *Last Name: | HENTON |
| *First Name: | NAJI-ULLAH |
| Address: | |
| Address 2: | |
| City: | |
| State: | ▾ |
| Zip Code: | |
| Country: | |
| Date of Birth: | 11/22/1994 — Format: MM/DD/YYYY |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | |
| Email Address: | Najihenton@gmail.com |
| Occupation: | Electrician |

City Employee?   ○ Yes   ○ No   ⦿ NA

Gender   ⦿ Male   ○ Female   ○ Other

New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident: | 12/12/2022 | Format: MM/DD/YYYY

Time of Incident: | 09:20pm | Format: HH:MM AM/PM

*Location of Incident: | Transit District 23 Lobby

Address:

Address 2:

City:

State:

Borough:

**\*Manner in which claim arose:**

**Attach extra sheet(s) if more room is needed.**

See Attached sheets...

**The items of damage or injuries claimed are (include dollar amounts):**

**Attach extra sheet(s) if more room is needed.**

PLEASE TAKE NOTICE THAT NAJI-ULLAH HENTON INTENDS TO FILE CLAIMS FOR DAMAGES AGAINST THE CITY OF NEW YORK, OFFICER GRANSTON #2703, OFFICER SAINTJEAN #7965, LIEUTENANT BODON ANDREA, AND UNIDENTIFIED OFFICERS INVOLVED IN THE INCIDENT. CLAIMANT SUFFERED FROM VIOLATIONS OF HIS U.S CONSTITUTIONAL RIGHTS(FIRST,FIFTH AND FOURTEENTH AMENDMENT; SPECIFICALLY ARTICLE IV), AS WELL AS NEW YORK CONSTITUTIONAL RIGHTS (ARTICLE 1 SECTION 3,8,11,12).CLAIMANT WAS A VICTIM OF ASSAULT, RETALIATION, ABUSE OF POWER, KIDNAPPING, AND VICTIM UNDER U.S.C TITLE 18 SECTION 242
THE CLAIMANT SUFFERED  LIMITED MOBILITY IN HIS LEFT WRIST AND RIGHT SHOULDER BECAUSE OF INTENTIONAL ACTIONS. THE CLAIMANT ALSO SUFFERED EMOTIONAL DISTRESS AND POST-TRAUMATIC STRESS DISORDER DUE  TO THE INCIDENT. THE CLAIMANT IS SEEKING $300,000 IN PHYSICAL DAMAGES AND $300,000 IN EMOTIONAL DAMAGES. MR. HENTON RESERVES THE RIGHT TO SUPPLEMENT THE NATURE OF THE CLAIMS, THE IDENTITY OF THE NYPD OFFICIALS INVOLVED, THE NATURE OF THE DAMAGES, AND THE TOTAL DAMAGES.
 PLEASE TAKE NOTICE THAT MR.HENTON PRESENTS THIS CLAIM FOR ADJUSTMENT AND PAYMENT AND NOTIFIES RESPONDENTS THAT, UNLESS THIS CLAIM IS ADJUSTED AND PAID WITHIN THE TIME PROVIDED BY LAW, HE INTENDS TO COMMENCE AN ACTION AGAINST RESPONDENTS.

*Denotes required field(s).*

The Claims continued on December 12, 2022, at approximately 9:20pm in Transit District 23 where Mr.Henton was trying to retrieve his personal property. He took the train; so after about a 2 hours commute to Far Rockaway Transit district, he walked inside the lobby around 9pm. He was greeted by Officer Saint Jean,Johanne who was behind the front desk along with Sergeant Donald Q Huo. Mr.Henton told Officer Saint-Jean that he was there to retrieve his personal items so he placed his ID on the desk so that the Officer can confirm his identity. Officer Saint-Jean started the process for Mr.Henton's items and had him sign a few times on a pad, but the pad was giving problems so the process took longer than expected. While thoroughly checking each item, claimant noticed 2 phone chargers that were folded and bent incorrectly ;therefore,can possibly cause defects in the future because the way it was bent. Mr.Henton mentioned to Officer Saint-Jean and Sergeant Huo that the charger should not have been bent like that and whoever packed the items in the plastic bag like that did it wrong. Officer Saint-Jean responded with an apology as if she packed the items herself. After checking all items in all bags given, Mr.Henton put on his belt while at the desk because his pants was feeling uncomfortable. While Mr.Henton was relocating his items from the desk to the visitor's chairs he noticed his safety knife was missing. Claimant was putting on his shoe laces while sitting down. He asked why his knife was not included with his personal belongings and Lieutenant Bodon, Andrea, who entered the front desk area mentioned that it must have been taken for evidence. Mr.Henton response was "evidence for what" but, he was not given a specific reason. He started attaching his hoodie string that was also retrieved while at the same time talking to the peace officers. The claimant mentioned that he was told earlier that day he will get a list of names and badge numbers from all officers involved in his arrest.  Sergeant Huo courteously wrote out 2 officer names on a piece of paper and handed it to him. While still inserting the string on his hoodie officer Saint-Jean demanded that Mr.Henton needed to leave and Mr.Henton response was "i will once my business here is done". The Lieutenant responded saying Mr.Henton business here have concluded. At this point Officer Saint-Jean walked around from the desk, attached a body worn camera and started recording while insisting Mr.Henton need to leave. Claimant then responded asking Officer Saint Jean to identify herself for the record so that he can know who he is addressing. Officer Saint Jean refused to fully identified herself so Claimant asked her is she familiar with 203-09 of her patrol guide. Officer Saint Jean again ignored claimant question and demanded him to leave once again. Officer Granston, Gabrielle K came from the backroom somewhere, walked past Officer Saint-Jean directly towards Mr.Henton aggressively. Officer Saint-Jean then picked up

Mr.Henton property off the chair and stepped into his personal space demanding him to leave. Claimant asked her to put his property down but instead she then grabbed his left forearm and shoved it. Mr.Henton yanked his arm away from her grip by putting both of my hands up in the air while more officers started surrounding him. Mr.Henton backed up in fear and asked can he get personal space still with both hands up and clearly visible. Claimant was grabbed by officer Granston again on his arm and shoved against the glass behind him. Officer Saint-Jean and 2 other Unidentified Officers then cooperated together to push claimant against the glass while  an unidentified male officer became more violate and started aggressively twisting Mr.Henton right arm. Only then Officer Granston said out loud 'you are under arrest". Mr.Henton response was "for what im being arrested for" and then she replied "Tresspassing". Knowing his rights he then put both hands behind his back and complied with no resistant. As he was escorted back to the front desk Officer Granston roughly started searching him and slamming his property on the desk aggresively. All his property was taken from him again and claimant was put in a holding cell. Mr.Henton was mistreated in custody and requested to go to the hospital for his previous and new current injuries. The treatment while in Transit District 23 custody was inhumane. Mr.Henton was released around 11am on December 13th

New York City Comptroller
Brad Lander

**Medical Information**

| | | |
|---|---|---|
| 1st Treatment Date: | 12/12/2022 | Format: MM/DD/YYYY |
| Hospital/Name: | Coney Island Hospital | |
| Address: | 2601 Ocean Pkwy | |
| Address 2: | | |
| City: | Brooklyn | |
| State: | NEW YORK | |
| Zip Code: | 11235 | |
| Date Treated in Emergency Room: | 12/13/2022 | Format: MM/DD/YYYY |

Was claimant taken to hospital by an ambulance?    ⊙ Yes    ◯ No    ◯ NA

**Employment Information (If claiming lost wages)**

| | |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information**

| | |
|---|---|
| Last Name: | Dr. Pusztay |
| First Name: | |
| Address: | |
| Address 2: | |
| City: | Brooklyn |
| State: | NEW YORK |
| Zip Code: | |

*Denotes required field(s).*

New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

## Witness 1 Information

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

## Witness 2 Information

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

## Witness 3 Information

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

## Witness 4 Information

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

## Witness 5 Information

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

## Witness 6 Information

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

*Denotes required field(s).*

*Page 4 of 5*

New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Complete if claim involves a NYC vehicle**

**Owner of vehicle claimant was traveling in**

Last Name:

First Name:

Address

Address 2:

City:

State:

Zip Code:

**Non-City vehicle driver**

Last Name:

First Name:

Address

Address 2:

City:

State:

Zip Code:

**Insurance Information**

Insurance Company Name:

Address

Address 2:

City:

State:

Zip Code:

Policy #:

Phone #:

**Non-City vehicle information**

Make, Model, Year of Vehicle:

Plate #:

VIN #:

**City vehicle information**

Plate #:

City Driver Last Name:

City Driver First Name:

**Description of claimant:**
- ○ Driver
- ○ Passenger
- ○ Pedestrian
- ○ Bicyclist
- ○ Motorcyclist
- ○ Other

**\*Total Amount Claimed:** 600000

*Format: Do not include "$" or ",".*

Date: 3/10/22

Signature of Claimant

State of New York
County of

I, _Naii-ullah Henton_ , being duly sworn depose and say that I have read the foregoing
NOTICE OF CLAIM and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated
to be alleged upon information and belief, and as to those matters. I believe them to be true.

Sworn before me this day 10 MARCH 2023

Signature of Claimant _____

Signature of notary _____

MELISSA CRUZ
NOTARY PUBLIC-STATE OF NEW YORK
No 01CR6115265
Qualified in Kings County
My Commission Expires 09-07-2024

\* *Denotes required field(s).*

*Page 5 of 5*

Page 1 of 1



# QUEENS CRIMINAL COURT

125-01 Queens Boulevard, Kew Gardens, NY 11415

Phone: (718) 298-0792  Fax: (718) 520-2451

Court ORI: NY040033J

## NO FEE
Non-Public
Version

The People of the State of New York
vs.
**Naji-Ullah Henton**

**Certificate of Disposition**
Docket Number: **CR-030869-22QN**

CJTN: 70152163L
NYSID: 14965705Z

Defendant DOB: **11/22/1994**

Arrest Date: **12/12/2022**   Arraignment Date: **12/31/2022**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 140.10 0A BM Crim Trespass 3rd:Enclsd Prop **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 03/08/2023 |
| 2 | PL 140.05 V Trespass **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 03/08/2023 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 8, 2023**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)] Charges may not be the same as the original arrest charges.
CPL 160.50:   All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.